# In the United States Court of Federal Claims

No. 07-562C

(Filed September 7, 2007)

* * * * * * * * * * * * * * * * * * * * * * * * *

**ERINYS IRAQ LTD.,**

Plaintiff,

v.

**THE UNITED STATES,**

Defendant,

and

**AEGIS DEFENCE SERVICES LTD.,**

Intervenor-Defendant.

* * * * * * * * * * * * * * * * * * * * * * * * *

Motion for injunction pending appeal pursuant to RCFC 62(c); balancing test of four factors necessary to decide upon injunction; pre-award bid protest; competitive range determination; price realism.

Robert S. Nichols, Washington, DC, for plaintiff. Angela B. Styles, Elizabeth W. Newsom, Charlotte Gillingham, and Dane Swanson, Crowell & Moring LLP, of counsel.

Steven M. Mager, Department of Justice, Washington, DC, with whom was Assistant Attorney General Peter D. Keisler, for defendant. Maj. Christopher L. Krafcheck, U.S. Army, Contract & Fiscal Law Division, of counsel.

John S. Pachter, Vienna, VA, for intervenor-defendant Aegis Defence Services Ltd. Richard C. Johnson, Johnathan D. Shaffer, and Mary Pat Gregory, Smith Pachter McWhorter PLC, of counsel.

## MEMORANDUM OPINION AND ORDER

**MILLER, Judge.**

In the pre-award bid protest preceding plaintiff Erinys Iraq Ltd.'s ("plaintiff") motion for an injunction pending appeal pursuant to RCFC 62(c), plaintiff challenged the decision of the Joint Contracting Command-Iraq/Afghanistan (the "agency" or "JCC-I/A") to exclude plaintiff from the competitive range for award of the Reconstruction Security Support

Services Contract under Request for Proposals No. W91GXZ-07-R-0004 (the "RFP"), asserting that the decision was contrary to law and without rational basis. On August 29, 2007, an order entered denying plaintiff's motion for judgment on the administrative record and granting the motions for judgment on the administrative record of both defendant and intervenor-defendant Aegis Defence Services Ltd. ("Aegis"). 1/ On August 31, 2007, plaintiff moved for an injunction prohibiting the JCC-I/A from awarding a contract on this solicitation or, if such an award has already occurred, from performing such contract, pending appeal. When a party appeals a "final judgment granting, dissolving, or denying an injunction," RCFC 62(c) gives the court discretion to "suspend, modify, restore, or grant an injunction during the pendency of the appeal." RCFC 62(c). Plaintiff has not yet filed its notice of appeal, so no question is raised that jurisdiction to grant a stay of this court's own judgment is proper. 2/

**ANALYSIS**

Staying performance pending an appeal is an extraordinary measure, and the court must consider four factors in determining whether such relief is appropriate. Standard Havens Prods. v. Gencor Indus., 897 F.2d 511, 512 (Fed. Cir. 1990) (establishing four factors for consideration of motion for injunction pending appeal in patent case). These factors are (1) a likelihood that plaintiff will prevail on the merits of the appeal; (2) a demonstration that plaintiff will suffer irreparable harm unless the stay is granted; (3) a showing that the stay would not pose substantial harm to the other interested parties if granted; and (4) an assessment of how the public interest would be served. Id. The court is to adopt a flexible approach to balancing the four factors; the "formula cannot be reduced to a set of rigid rules." Id. at 513 (quoting Hilton v. Braunskill, 481 U.S. 770, 776 (1987)). Instead, the court must balance the four factors. The stronger the showing of likelihood of success on the merits, the less heavily the other three factors must favor the movant. Conversely, if the

---

1/ This order and opinion was filed under seal. Under the terms of the order, the parties were directed to identify by brackets any material subject to redaction, by September 12, 2007, before the order and opinion issues for publication.

2/ Substantial support exists for the proposition that the United States Court of Federal Claims still has jurisdiction to grant a stay of its own judgments pursuant to RCFC 62 even after the filing of a notice of appeal. See, e.g., Rakovich v. Wade, 834 F.2d 673, 673-4 (7th Cir. 1987) ("[D]istrict court retains the power throughout the pendency of the appeal to simply preserve the status quo by granting a stay of its judgment."); Chemical Eng'g Corp. v. Essef Indus., 795 F.2d 1565 (Fed. Cir. 1986) (same, applying law of the Seventh Circuit); see also JWK Int'l Corp. v. United States, 49 Fed.Cl. 364 (2001) (denying plaintiff's motion for injunction pending appeal where motion filed after plaintiff filed notice of appeal).

three harm factors weigh heavily in movant's favor, it only needs to demonstrate a substantial case. Standard Havens Prods., 897 F.2d at 513.

I. Likelihood of success on the merits

Plaintiff argues that the court "did not fully or accurately capture [plaintiff's] attack on the price evaluations and did not reach the correct result regarding the fundamental flaws in the price analysis." Pl.'s Br. filed Aug. 31, 2007, at 2. Specifically, plaintiff asserts that the JCC-I/A did not engage in a rational price realism analysis and that "neither the Record nor the Court's Opinion actually identifies any evidence of a rational basis" for the JCC-I/A's conclusions on price realism. Pl.'s Br. filed Sep. 6, 2007. Plaintiff, however, does little more than restate the argument that it presented in its motion for judgment on the administrative record – an argument that was unavailing then and is unavailing now.

Plaintiff asserts that the administrative record ("AR") does not show that the JCC-I/A engaged in a price realism analysis that was rational and that, in the absence of such a showing, "the Court cannot assume that such an analysis was performed." Pl.'s Br. filed Aug. 31, 2007, at 3. To support this assertion, plaintiff cites to this court's prior opinion in Al Ghanim Combined Group v. United States, 56 Fed. Cl. 502 (2003). Al Ghanim involved a post-award bid protest challenging, *inter alia*, an agency's cost analysis. This court noted that "the administrative record does not show that the [agency] performed a cost analysis [in the manner required by the Federal Acquisition Regulation] and the court cannot assume that an analysis was performed where the record indicates otherwise." Id. at 514. In this case plaintiff asserts that the AR shows no evidence that the JCC-I/A engaged in a price realism analysis consistent with the terms of the RFP and relevant statutes and regulations, so the court cannot assume that such an analysis occurred.

Plaintiff's case can be distinguished from Al Ghanim, however, in that AR contains ample evidence that the JCC-I/A engaged in a price realism analysis consistent with the terms of the RFP and all relevant statutes and regulations. Moreover, this court's opinion reflects consideration of this evidence. The RFP called for a price realism analysis for each offeror's prices where "[p]roposed prices will be evaluated to determine if the prices are realistic for the work to be performed, reflect a clear understanding of the requirements, and are consistent with the unique methods of performance and materials described in the offeror's proposal." AR Tab 4 at 139. The record reflects that the Source Selection Authority ("SSA") had adequate data to engage in a meaningful price realism analysis including, but not limited to, each offeror's Technical Proposal, the Independent Government Estimate (the "IGE"), and the prices of proposals submitted by other offerors.

The RFP required that each offeror provide, in its Technical Proposal, "a logical, well-defined staffing/manning approach to accomplish all required functions specified in the [Performance Work Statement], accounting for all training, vacation (to include sick time), attrition, and transportation time, etc. that assures a high probability of success." AR Tab 4 at 136. The IGE included an independent estimate of unit prices for each Contract Line Item ("CLIN"). Both of the offerors selected for the competitive range, Aegis and ArmorGroup North America Inc., proposed prices that were close to one another and close to the IGE. The SSA was able to analyze these prices in light of each offeror's Technical Proposal.

The record also reflects that the JCC-I/A actually engaged in a price realism analysis. This much is apparent from the fact that it found that two of the seven proposals, those of SOC-SMG and Triple Canopy, to have unrealistic prices. Moreover, the information available to the JCC-I/A shows that the price realism analysis in which it engaged can be considered rational. Plaintiff complains that the JCC-I/A did not normalize labor hours in order to engage in what it calls an "apples to apples comparison of the unit prices", Pl.'s Br. filed Sep. 6, 2007, at 4, but this complaint is a non-sequitur given that the RFP called for unit prices for months, not labor-hours. See Erinys Iraq Ltd. v. United States, No. 07-562, slip op. at 22-23 & nn.6-7 (Fed. Cl. Aug. 29, 2007). Plaintiff complains that "[t]here is no evidence in the record that the Agency identified these issues and considered them." Pl.'s Br. filed Sep. 6, 2007, at 4, but not all of the issues that plaintiff now raises, not for the first time and after this court already has entered judgment against plaintiff, were ones that the agency was obligated to consider under the terms of the RFP and relevant statutes and regulations.

Regarding those issues that the agency was charged with considering in its price realism analysis, the AR substantiates that the agency engaged in price realism analysis and that it had the data to assure that the analysis was rational. Plaintiff's complaint seems to be focused on its displeasure with the scope and extent of the JCC-I/A's narrative justifications. Plaintiff is correct that Al Ghanim stood for the proposition that the "court cannot assume that an analysis was performed where the record indicates otherwise", Al Ghanim, 56 Fed. Cl. at 518, but it also stands for the proposition that "[t]his court will not impose additional documentary requirements when neither the applicable regulations nor the evaluation criteria require anything more than what the agency performed." Id. at 518. Here, the record reflects that the JCC-I/A engaged in a price realism analysis, and that the JCC-I/A had adequate data to ensure that this analysis was rational. The JCC-I/A was obligated to engage in a rational

price realism analysis, but it was not obligated to report that analysis through a particular narrative, much less use an approach devised by plaintiff. 3/

Plaintiff did not succeed on the merits before this court in its motion for judgment on the administrative record. It also did not show a substantial chance that it would succeed on appeal, based on the merits. However, the court must also consider the other three factors in determining whether an injunction pending appeal is proper.

II. Likelihood that plaintiff will suffer irreparable harm

Plaintiff is correct that in a bid protest context, when a court is considering a preliminary or permanent injunction, that exclusion from the competitive range normally constitutes irreparable harm. "An action at law only allows recovery of 'bid preparation costs in a suit for damages, but not loss of anticipated profits,' leaving a bid protestor irreparably harmed." Bannum Inc. v. United States, 60 Fed. Cl. 718, 730 (2004) (quoting Essex Electro Eng'rs, Inc. v. United States, 3 Cl. Ct. 277, 298 (1983), *aff'd*, 757 F.2d 247 (Fed. Cir. 1985)), *aff'd* Bannum, Inc. v. United States, 404 F.3d 1346 (Fed. Cir. 2005). This court's order denying plaintiff's motion for judgment on the administrative record and granting defendant and Aegis's cross-motions for judgment on the administrative record precludes plaintiff from having another opportunity to be placed in the competitive range and so necessarily precludes plaintiff from being awarded the contract, leaving it irreparably harmed. This finding of irreparable harm, however, cannot include plaintiff's loss of revenue related to transition from its current contract with the JCC-I/A. As defendant notes, "these effects cannot be causally linked to Erinys's exclusion from the competitive range. Rather, these are a function of the natural expiration of Erinys's current cost-based contract with the Government." Def.'s Br. filed Sep. 5, 2006, at 5.

III. Substantial harm to the other interested parties and where the public interest lies

In considering injunctive relief pending appeal, courts must note that "[r]elief saving one claimant from irreparable injury, at the expense of similar harm caused another, might not qualify as the equitable judgment that a stay represents." Alaska Central Express, Inc.

---

3/ To the extent that plaintiff relies on comments of the court during argument on the cross-motions, surely plaintiff does not seek to discourage judges from probing the weaknesses of both parties' cases in order to test their arguments and to explore the ramifications of ruling for or against one of the parties. The opinion issued represents the court's careful consideration of the parties' formal briefs and the parties' verbal jousting with each other and with the court.

v. United States, 51 Fed. Cl. 227, 232 (quoting Va. Petroleum Jobbers Ass'n v. Fed. Power Comm'n, 259 F.2d 921, 925 (D.C. Cir. 1958)). Plaintiff, however, is correct in noting that defendant did not make any such showing. While the court is directed to "give due regard to the interests of national defense and national security," 28 U.S.C. § 1491(b)(3), when considering injunctive relief, defendant did not make any timely showing related to national security. 4/

Plaintiff has not proved that an injunction would be in the public interest. While the public benefits from an open, competitive, and fair bidding process, the record reflects that the JCC-I/A engaged in such a process in determining the competitive range. The court is also directed to take into consideration "the need for expeditious resolution of the action." Id. Enjoining the JCC-I/A from awarding the contract at this point would preclude the agency from realizing cost savings by consolidating the two existing contracts and from transitioning to an Indefinite Delivery/Indefinite Quantity contract. While plaintiff certainly would prefer to be the contract awardee, the public interest is not served by forcing the JCC-I/A to engage in yet another competitive range determination when it already did so properly. Such a step would only harm the public interest by needlessly prolonging the procurement process.

## CONCLUSION

The balance of the four factors weighs heavily in favor of defendant and Aegis. Plaintiff has not succeeded on the merits in its motion for judgment on the administrative record and it has not shown even a substantial case for success on the merits on appeal. While plaintiff has suffered irreparable harm, and defendant has not made a particular showing of its own harm, the public interest would not be served by granting injunctive relief in this case.

Accordingly, it is **ORDERED** that plaintiff's Motion for an Injunction Pending Appeal, pursuant to RCFC 62(c)is **DENIED**.

s/ Christine O.C. Miller

_____________________________________

**Christine Odell Cook Miller**
Judge

---

4/ Defendant's assertions of national security concerns in its opposition to plaintiff's motion for an injunction pending appeal are inappropriately timed. This court did not consider these assertions nor did it consider the affidavit attached to defendant's opposition in weighing the four factors for injunctive relief in the instant action.