AGREED UPON REDACTIONS -
MAY BE MADE PUBLIC

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**
**Washington, D.C.**

**BID PROTEST**

| | |
|---|---|
| ERINYS IRAQ LTD. | |
| Plaintiff, | |
| v. | CFC No. 07-562C |
| THE UNITED STATES OF AMERICA | Judge Christine O.C. Miller |
| Defendant | |
| and | ~~**FILED UNDER SEAL**~~ |
| AEGIS DEFENCE SERVICES LTD. | Proposed Redacted Version for Public Release |
| Intervenor-Defendant. | |

**RESPONSE TO ERINYS'S AMENDED COMPLAINT**

Intervenor-Defendant Aegis Defence Services Ltd. ("Aegis"), by counsel, submits the following response to the Erinys Iraq Ltd. ("Erinys") August 22, 2007 Amended Complaint, submitted pursuant to this Court's Order dated August 21, 2007. Aegis responds to paragraphs 78 through 83 of the Amended Complaint and to the Requests for Relief, which reflect the only changes from the original Complaint, as discussed by the Court at the August 21, 2007 oral argument.

**ARGUMENT**

The Federal Circuit has described injunctive relief as an "extraordinary remedy." FRM Corp. v. United States, 3 F.3d 424, 427 (Fed. Cir. 1993); Sierra Military Health Servs. Inc. v. United States, 58 Fed. Cl. 573, 579 (2003). To obtain injunctive relief, the plaintiff

must demonstrate that (1) it has succeeded on the merits; (2) it will suffer irreparable harm if injunctive relief is not granted; (3) the harm to the plaintiff if an injunction is not granted outweighs the harm to the government if an injunction is granted; and, (4) the injunction serves the public interest. PGBA v. United States, 389 F.3d 1219, 1228-29 (Fed. Cir. 2004) (citations omitted); FMC Corp., supra; Sierra, supra. The "absence of an adequate showing with regard to any one factor may be sufficient, given the weight or lack of it assigned the other factors" to justify denial of the injunction. Chrysler Motors Corp. v. Auto Body Panels of Ohio, Inc., 908 F.2d 951, 952 (Fed. Cir. 1990). Here, these factors militate against granting injunctive relief.

The Aegis and Defendant United States Joint Contracting Command-Iraq/ Afghanistan (the "Army" or "JCC-I/A") August 10 and 17, 2007 submissions and the argument in open Court on August 21, 2007 demonstrate that the Army had a rational basis to exclude Erinys from the competitive range and that exclusion of Erinys was consistent with the Request for Proposals ("RFP"), statute and regulation. Accordingly, Erinys cannot succeed on the merits. In fact, Erinys's claims are untimely. As a result, Erinys fails the first test for injunctive relief.

Pursuant to the Court's August 21, 2007 Order, Aegis addresses the remaining three factors here.

## I. Erinys Will Not Suffer Irreparable Harm If Injunctive Relief is Not Granted

Since Erinys is not entitled to relief, it will suffer no harm, much less irreparable harm, if injunctive relief is not granted. In any event, Erinys's claimed loss of revenue and workforce on the current contract does not amount to irreparable harm.



PROTECTED MATERIAL TO BE DISCLOSED ONLY IN ACCORDANCE WITH COURT OF FEDERAL CLAIMS PROTECTIVE ORDER

## II. The Harm to the Government, Intervenor and ArmorGroup Outweighs Any Alleged Harm to Erinys

The Court must determine whether the balance of hardships leans in the plaintiff's favor. To do this, the Court must consider the harm to the government, the intervening defendant, and other interested parties. Reilly's Wholesale Produce v. United States, 73 Fed. Cl. 705, 715 (2006). The government has an overriding interest in being able to proceed with the new, consolidated, and significantly less costly contract. The intervenor and ArmorGroup North America, Inc. ("ArmorGroup"), the other offeror in the competitive range, have an interest in fair and expeditious consideration of their proposal and in having the procurement process move forward without unjustified interruptions and without the need to defend their positions in costly and meritless litigation.

Aegis and ArmorGroup will be harmed by the granting of injunctive relief. The procurement has already been delayed four months due to the Erinys protest at GAO and this Court. During that period, Erinys has received revenues in the approximate amount of $3 million per month (based on reported revenues for the Erinys 2006 contract of approximately $35,799,180.84 per year). AR, Tab 1 at 2. Any injunction or continued delay in the procurement unjustifiably postpones the potential award to Aegis or ArmorGroup. Given the rational basis in the record for the agency's competitive range determination, any remand would be futile because it only result in re-affirmation of the agency's decision.

## III. Injunctive Relief Does Not Serve the Public Interest Where the Protest Is Untimely and the Protester Has Not Been Prejudiced by Agency Action

The final factor in the Court's analysis is whether granting injunctive relief would serve the public interest. The public interest weighs heavily in favor of denying injunctive



PROTECTED MATERIAL TO BE DISCLOSED ONLY IN ACCORDANCE WITH COURT OF FEDERAL CLAIMS PROTECTIVE ORDER

relief, particularly here where the protest is untimely. Erinys states: "***The Agency's failure to define*** the number of hours required for the monthly rate ***created huge pricing disparities*** among offers." (Reply Brief, p. 6). (emphasis added). ***This alleged failure occurred when the agency*** published the RFP. Without filing any protest against the terms of the solicitation, Erinys waited until it learned it was not in the competitive range. Then it protested that the ***very same*** different quantity estimates in the offerors' proposals ***contemplated by the RFP*** prevented a fair evaluation. In other words, the price evaluation was flawed precisely because of what ***the RFP says***.

Erinys's assertion that the evaluation was flawed because the RFP did not define the number of hours to use in calculating a Full Time Equivalent ("FTE"), or provide a common quantity for all offerors, is an untimely protest against the RFP terms. In Blue & Gold, Fleet, LP v. United States 2007 U.S. App. LEXIS 15150 (Fed. Cir. June 26, 2007), the Court held that a government contractor has a duty to seek clarification from the government on the terms of the RFP and "'its failure to do so precludes acceptance of its interpretation in a subsequent action against the government." Id. at 9 (quoting Statistica, Inc. v. United States, 102 F.3d 1577, 1582 (Fed. Cir. 1996)). The Court stated the rule

> ***was established to prevent contractors from taking advantage of the government***, protect other bidders by assuring that all bidders bid on the same specifications, and ***materially aid the administration of government contracts by requiring that ambiguities be raised before the contract is bid, thus avoiding costly litigation after the fact***.

Blue & Gold, Fleet, 2007 U.S. App. LEXIS, *10 (quoting Cmty. Heating & Plumbing Co. v. Kelso, 987 F.2d 1575, 1580 (Fed. Cir. 1993)). (emphasis added).



PROTECTED MATERIAL TO BE DISCLOSED ONLY IN ACCORDANCE WITH
COURT OF FEDERAL CLAIMS PROTECTIVE ORDER

In any case, the agency's use of Unit Price provided a common basis for evaluation of proposals (fixed price per person-month). Moreover, this Court need not find the agency's determination is perfect, or that it is correct beyond all doubt, to sustain the contracting officer's decision. Ryder Move Mgmt, Inc. v. United States, 48 Fed. Cl. 380, 390 (2001). It is not for the court to second-guess a contracting officer's decision as "judges are ill-equipped to settle the delicate questions involved in procurement decisions, where long and complex factual histories, subtle economic factors, and the need for expeditious buying decisions require assessments better left to the expertise of an executive agency." Ryder Move Mgmt., 48 Fed. Cl at 392 (internal citations and quotations omitted).

The RFP cautioned offerors "to reflect the best possible price, since less than the best potential prices could result in the exclusion of the proposal from further consideration." Administrative Record, Tab 4 at 134 (Section M.3.2). Erinys has made no showing that its price was competitive or otherwise in line with competitive offerors. Given this lack of prejudice to Erinys, any further Army price or non-price analysis would be a needless exercise in essay writing, and a waste of government resources. No purpose would be served by a remand where the outcome is certain. As a result, the public interest favors denial of injunctive relief.

## IV. The Amended Request for Relief Seeks an Unavailable Remedy

In its Amended Complaint, Erinys requests that the Court order the Army to include Erinys in the competitive range, conduct discussions with Erinys and permit Erinys to submit a final proposal revision. Amended Complaint at Requests for Relief, ¶ 3. That remedy is beyond the power of the Court. A competitive range determination is a discretionary act, involving the exercise of business judgment. The only appropriate



PROTECTED MATERIAL TO BE DISCLOSED ONLY IN ACCORDANCE WITH
COURT OF FEDERAL CLAIMS PROTECTIVE ORDER

remedy, even if Erinys had demonstrated success on the merits, would be a new competitive range determination. Under the FAR, the Army can only include in the competitive range the "most highly rated proposals." FAR 15.306(c). Given Erinys's extremely high pricing, Erinys has made no showing that the Army was required to include it in the competitive range as one of the "most highly rated proposals."

## CONCLUSION

For the foregoing reasons, Aegis respectfully requests that the Court deny Plaintiff's request for injunctive relief and dismiss Plaintiff's Complaint.

Respectfully submitted,

Date: August 23, 2007

By: /s/ John S. Pachter

John S. Pachter, Counsel of Record
SMITH PACHTER MCWHORTER PLC
8000 Towers Crescent Drive, Suite 900
Vienna, Virginia 22182
Tel: (703) 847-6300
Fax: (703) 847-6312
*Counsel for Aegis Defence Services Ltd.*

*Of Counsel*:
Richard C. Johnson
Jonathan D. Shaffer
Mary Pat Gregory
SMITH PACHTER MCWHORTER PLC
8000 Towers Crescent Drive, Suite 900
Vienna, Virginia 22182
Tel: (703) 847-6300
Fax: (703) 847-6312



PROTECTED MATERIAL TO BE DISCLOSED ONLY IN ACCORDANCE WITH
COURT OF FEDERAL CLAIMS PROTECTIVE ORDER

**CERTIFICATE OF SERVICE**

I hereby certify that on this 23rd day of August, 2007, "RESPONSE TO ERINYS'S AMENDED COMPLAINT" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/ Jonathan D. Shaffer
Jonathan D. Shaffer



PROTECTED MATERIAL TO BE DISCLOSED ONLY IN ACCORDANCE WITH
COURT OF FEDERAL CLAIMS PROTECTIVE ORDER