AGREED UPON REDACTIONS - MAY BE MADE PUBLIC

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**
**Washington, D.C.**

**BID PROTEST**

| | |
|---|---|
| ERINYS IRAQ LTD.<br><br>Plaintiff,<br><br>v.<br><br>THE UNITED STATES OF AMERICA<br><br>Defendant<br><br>and<br><br>AEGIS DEFENCE SERVICES LTD.<br><br>Intervenor-Defendant. | CFC No. 07-562C<br><br>Judge Christine O.C. Miller<br><br>~~**FILED UNDER SEAL**~~<br>Proposed redacted Version for Public Release |

**AEGIS'S OPPOSITION TO ERINYS'S MOTION TO STRIKE**

Intervenor-Defendant Aegis Defence Services Ltd. ("Aegis") submits the following opposition to the Erinys Iraq Ltd. ("Erinys") August 23, 2007 Motion to Strike pages 4 through 5 of Aegis's Response to Erinys Iraq Ltd.'s Amended Complaint.

Aegis's response to the Erinys amended complaint properly addressed the three factors for injunctive relief that Erinys included for the first time in its August 21, 2007 amended complaint. Erinys filed its amended complaint at this late date because it neglected to plead the three factors in its complaint in Erinys II and its Motion for Judgment on the Administrative Record. It was appropriate for Aegis, in responding to the amended complaint, to refer to any portion of the record that bears on the three factors, in particular the public interest factor. It is erroneous for Erinys to suggest that Aegis's hands were tied.

Erinys's motion is a ploy to further delay proceedings.

## ARGUMENT

During the August 21, 2007 oral argument on cross motions for judgment on the administrative record, the Court noted that Erinys had failed to plead three of the four factors required for injunctive relief. The Court authorized Erinys to file an amended complaint by August 22, 2007 and requested Aegis to respond to Erinys's amended complaint by August 24, 2007. August 21, 2007 Oral Argument Transcript ("Tr.") at 88:18-89:4. See generally August 21, 2007 Tr., at 86:18-89:4.

The amended complaint was occasioned by Erinys's failure to address three of the four factors for injunctive relief in its complaint or to include any evidence in support of the three factors in its Motion for Judgment on the Administrative Record. To obtain injunctive relief, the plaintiff must demonstrate (1) it has succeeded on the merits; (2) it will suffer irreparable harm if injunctive relief is not granted; (3) the harm to the plaintiff if an injunction is not granted outweighs the harm to the government if an injunction is granted; and (4) the injunction serves the public interest. PGBA v. United States, 389 F.3d 1219, 1228-29 (Fed. Cir. 2004) (citations omitted); FRM Corp. v. United States, 3 F.3d 424, 427 (Fed. Cir. 1993); Sierra Military Health Servs. Inc. v. United States, 58 Fed. Cl. 573, 579 (2003). Before August 22, 2007, Erinys had only pleaded the first factor.[1]

[1] During the hearing, Erinys counsel suggested there was some confusion whether Erinys was required to plead the four elements necessary for a permanent injunction. August 21, 2007 Tr., at 86:18-25. However, as government counsel mentioned, there was no confusion. The context of the Court's remark in question was whether there would be separate briefing on a preliminary injunction and a permanent injunction in the Erinys II case. July 30, 2007 Tr., at 38. The Court did not comment on the use of the Erinys I complaint or Erinys I declarations in the Erinys II matter. August 21, 2007 Tr., at 86-88. The Erinys I complaint was dismissed when the government agreed to take corrective action.



PROTECTED MATERIAL TO BE DISCLOSED ONLY IN ACCORDANCE WITH COURT OF FEDERAL CLAIMS PROTECTIVE ORDER

Aegis's August 24, 2007 response to the amended complaint addressed the remaining three factors and the Erinys request for relief that had not been previously been addressed. Erinys's amended complaint included the following:

> The public interest favors entry of such injunctive relief. The public interest is served by enforcing a procurement process that conforms with the solicitation's evaluation criteria. In addition, the ultimate remedy that Erinys seeks in this protest – inclusion in the competitive range and being permitted to continue to compete – can only benefit the Government, as it will retain a strongly-performing contractor and have more competition. In sum, the public interest strongly militates in favor of a preliminary injunction here.

Erinys Amended Complaint at ¶ 82. The material on pages 4-5 of the Aegis response demonstrates that the public interest does not favor injunctive relief because the "procurement process" sought by Erinys does not "conform with the solicitation's evaluation criteria" and Erinys's claims are barred as untimely. This could hardly come as a surprise to Erinys as Aegis has argued throughout that Erinys's claims are untimely.

Erinys, however, asserts that "Aegis has filed an unauthorized sur-reply brief that should be stricken from the record." Erinys Motion at 2. In fact, Aegis filed its response pursuant to Court authorization. Far from a "sur-reply," it is a response to the new Erinys claim that the public interest favors entry of injunctive relief. Erinys errs in suggesting that Aegis should be barred from referring to the record to demonstrate that the public interest does not favor consideration of this untimely protest. Aegis response, at 4-5, citing Blue & Gold, Fleet, LP v. United States 2007 U.S. App. LEXIS 15150 (Fed. Cir. June 26, 2007).

The Erinys filing referred to in Aegis's response provides clear confirmation that Erinys's protest grounds are untimely and that the public interest would be disserved for that



PROTECTED MATERIAL TO BE DISCLOSED ONLY IN ACCORDANCE WITH
COURT OF FEDERAL CLAIMS PROTECTIVE ORDER

reason alone if injunctive relief were to be granted. It is inappropriate for Erinys to suggest that Aegis cannot refer to the latest Erinys expression confirming the validity of Aegis's position, when the timing was within Erinys's control.

Nevertheless, Erinys asserts "the interest of justice and fundamental fairness dictate that Erinys be permitted an opportunity to set the record straight if Aegis' unauthorized brief is allowed to stand." Erinys Motion, at 3. The Court should not permit Erinys to further delay this proceeding with another round of briefings occasioned only by Erinys's belated assertion of the factors necessary for injunctive relief.

## CONCLUSION

For the foregoing reasons, Aegis respectfully requests that the Court deny Plaintiff's Motion to Strike.

Respectfully submitted,

Date: August 27, 2007

By: /s/ John S. Pachter
John S. Pachter, Counsel of Record
SMITH PACHTER MCWHORTER PLC
8000 Towers Crescent Drive, Suite 900
Vienna, Virginia 22182
Tel: (703) 847-6300
Fax: (703) 847-6312
*Counsel for Aegis Defence Services Ltd.*

*Of Counsel*:
Richard C. Johnson
Jonathan D. Shaffer
Mary Pat Gregory
SMITH PACHTER MCWHORTER PLC
8000 Towers Crescent Drive, Suite 900
Vienna, Virginia 22182
Tel: (703) 847-6300
Fax: (703) 847-6312



PROTECTED MATERIAL TO BE DISCLOSED ONLY IN ACCORDANCE WITH
COURT OF FEDERAL CLAIMS PROTECTIVE ORDER

**CERTIFICATE OF SERVICE**

I hereby certify that on this 27th day of August, 2007, "RESPONSE TO ERINYS'S MOTION TO STRIKE" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/ Mary Pat Gregory
Mary Pat Gregory



PROTECTED MATERIAL TO BE DISCLOSED ONLY IN ACCORDANCE WITH COURT OF FEDERAL CLAIMS PROTECTIVE ORDER